

The decision below is signed as a decision of the court.

Signed: February 14, 2005.

/s/ S. Martin Teel Jr.
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
JOHN R. MICKENS,                     )   Case No. 04-1324
                                     )                (3)
            Debtor.                  )

DECISION RE OBJECTION TO CLAIM OF LITTON LOAN SERVICING

The trustee filed an objection to to the proof of claim filed January 10, 2005, by Litton Loan Servicing, in the amount of $103,653.08, with an arrearage of $13,585.12, as untimely based on the bar deadline date of December 26, 2004.  Litton has opposed the objection, noting that failure to allow its claim will result in Litton pursuing enforcement of its lien.

In a chapter 13 case, the court has no discretion to enlarge the time under F.R. Bankr. P. 3002(c) for a creditor's filing a proof of claim other than in the case of a claim by a governmental unit, an infant, or an incompetent person.  See F.R. Bankr. P. 3002(c)(1) and (2).  Litton argues that it will be in the debtor's best interests to address any prepetition arrearages under a plan, and that curing an arrearage claim under 11 U.S.C. § 1322(b)(5) does not invoke the claims allowance and payment procedure, and that its arrearage claim is thus not subject to the filing deadline of Rule 3002.  However, Rake v. Wade, 508 U.S. 464 (1993), makes clear that the curing of an arrearage in a case constitutes providing for a claim such as generally to be governed by 11 U.S.C. § 1325(a)(5); in turn, § 1325(a)(5) applies

to payment of only allowed claims.  Moreover, F.R. Bankr. P. 3021 requires that only allowed claims receive distributions.

Litton has no allowed claim because it missed the deadline of Rule 3002(c) for filing a proof of claim.  Despite F.R. Bankr. P. 3002(a) stating only that an *unsecured* creditor must file a proof of claim for the claim to be allowed, the deadline of Rule 3002(c) is not limited to unsecured creditors, and the Bankruptcy Code itself makes clear that filing of a timely proof of claim is necessary for a holder of a secured claim to have an allowed secured claim.  See In re Boucek, 280 B.R. 533, 537-38 (Bankr. D. Kan. 2002).[1]  Both 11 U.S.C. §§ 501(a) and 502(a) contemplate filing of a claim in order for the claim to be allowed, and 11 U.S.C. § 502(b)(9), which became effective on October 22, 1994, requires disallowance of an untimely claim with exceptions inapplicable here.  Boucek, 280 B.R. at 537.  While 11 U.S.C. § 506(d) provides that disallowance of a claim as an allowed secured claim solely on the ground of untimeliness does not void the lien securing the claim, disallowance does bar distributions

---

[1] Accord, In re Hill, 286 B.R. 612, 615 (Bankr. E.D. Pa. 2002); In re Michels, 270 B.R. 737 (Bankr. N.D. Iowa 2001), rev'd on other grounds, 286 B.R. 684 (8th Cir. B.A.P. 2002); In re Kelley, 259 B.R. 580 (Bankr. E.D. Tex. 2001); In re Hudson, 260 B.R. 421, 431 (Bankr. W.D. Mich. 2001); In re Dennis, 230 B.R. 244, 248-49 (Bankr. N.J. 1999); In re Baldridge, 232 B.R. 394, 396 (Bankr. N.D. Ind. 1999); In re Macias, 195 B.R. 659, 661 (Bankr. W.D. Tex. 1996);  In re Schaffer, 173 B.R. 393, 397 (Bankr. N.D. Ill. 1994); In re Alderman, 150 B.R. 246, 251-52 (Bankr. D. Mont. 1993); In re Zimmerman, 156 B.R. 192 (Bankr. W.D. Mich. 1993) (en banc ).

on that claim under a confirmed plan.  Boucek, 280 B.R. at 538. Some older decisions hold that a secured creditor's failure to file a timely proof of claim may not be invoked to bar receipt of distributions in a chapter 13 case,[2] but were rendered obsolete by the amendment of § 502(b)(9).[3]

A debtor or a trustee who failed timely to file a proof of claim on behalf of a creditor under F.R. Bankr. P. 3004, may obtain an enlargement of the Rule 3004 deadline for "cause shown" where "the failure to act was a result of excusable neglect." F.R. Bankr. P. 9006(b)(1).  However, this procedure is not available to creditors by reason of Rule 9006(b)(2) which bars extending the Rule 3003(c) deadline.  See In re Townsville, 268 B.R. 95, 105-06 (Bankr. E.D. Pa. 2001).  As Litton urges, it may be in the debtor's interests to pay the arrearage claim, if one exists, through a plan.  In addition, the debtor's plan may prove infeasible, to the detriment of unsecured creditors, if the court were to grant Litton relief from the automatic stay to pursue a prepetition arrearage claim.  However, the debtor has not sought

---

[2] See, e.g., In re Babbin, 164 B.R. 157 (Bankr. D. Colo. 1994); In re Rome, 162 B.R. 872, 875 (Bankr. D. Colo. 1993) (disregards Rule 3021 in holding that a chapter 13 trustee must pay a secured creditor under a confirmed plan even if the secured creditor fails to file a claim); In re Hausladen, 146 B.R. 557 (Bankr. D. Minn. 1992) (en banc); In re Harris, 64 B.R. 717, 718-19 (Bankr. D. Conn. 1986).

[3] The court's limited research found no similar decisions issued after the amendment of § 502(b)(9).

to file a late proof of claim for Litton's prepetition arrearage claim.[4]

Accordingly, the court will disallow Litton's claim as late-filed.

[Dated and signed above.]
S. Martin Teel, Jr.
United States Bankruptcy Judge

Copies to:

Cynthia A. Niklas; Debtor; Debtor's Attorney; Michael Cantrell.

---

[4] Indeed, the debtor, whose plan provides for Litton to be paid its claim outside the plan, contends that no arrearage exists. The court does not address whether the debtor may seek to file a late proof of claim on Litton's behalf and then object to that claim in order to obtain an adjudication whether an arrearage actually exists, and then seek to modify the plan if any arrearage does exist.